**UNPUBLISHED**

FILED:  July 9, 1999

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 96-4871(L)
(CR-95-84-BR)

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

YITSCHAK EBERT, a/k/a Isaac, d/b/a M&I
Distributors, Incorporated, a/k/a Isaac
Ebert, a/k/a Issac Ebert, a/k/a Yitzchok
Ebert,

Defendant - Appellant.

_____

No. 96-4886
(CR-95-84-BR)

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MICHAEL KAZINEC, a/k/a Mike, d/b/a M&I
Distributors, Incorporated, a/k/a Mike
Kazinec, a/k/a Michael Paul Kazinec,

Defendant - Appellant.

_____

No. 96-4887
(CR-95-84-BR)

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOHN WAYNE FOSTER, JR., a/k/a Wayne,

                              Defendant - Appellant.

                    _____

                         No. 96-4888
                         (CR-95-84-BR)
                    _____

UNITED STATES OF AMERICA,

                              Plaintiff - Appellee,

        versus

BERNARD WILLIAM CRUSE, III, a/k/a Bill, d/b/a
The Food Outlet, a/k/a Bill Cruse,

                              Defendant - Appellant.

                    _____

                         No. 96-4889
                         (CR-95-84-BR)
                    _____

UNITED STATES OF AMERICA,

                              Plaintiff - Appellee,

        versus

MARK DAVID EIDELMAN, d/b/a American Drug
Wholesale, d/b/a American International
Wholesale Drug,

                              Defendant - Appellant.

                    _____

                         No. 96-4947
                         (CR-95-84-BR)
                    _____

UNITED STATES OF AMERICA,

                              Plaintiff - Appellee,

        versus

JOHN WAYNE FOSTER, SR., a/k/a Johnny Foster,

                              Defendant - Appellant.

------

No. 96-4948
(CR-95-84-BR)

------

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ROBERT WILLIAM SPITTEL, a/k/a Bob Spittel,
d/b/a North Bridge Salvage, d/b/a Closeouts,
Incorporated,

Defendant - Appellant.

------

No. 96-4949
(CR-95-84-BR)

------

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

STEVEN MICHAEL HALE, a/k/a Stevie Michael
Hale, a/k/a Steve Michael Hale, d/b/a North
Bridge Salvage,

Defendant - Appellant.

------

No. 96-4975
(CR-95-84-BR)

------

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MARVIN JUNE PHILLIPS, a/k/a Jay; BEST DEAL
LIQUIDATORS, INCORPORATED,

Defendants - Appellants.

## O R D E R

Appellants Mark David Eidelman and Michael Kazinec have filed a petition for rehearing and a suggestion for rehearing en banc. The government has filed a petition for rehearing, and appellant Yitschak Ebert has filed a petition for rehearing with petition for rehearing en banc. The government has filed an answer to the appellants' petitions for rehearing and rehearing en banc, and appellants Yitschak Ebert, John Wayne Foster, Jr., John Wayne Foster, Sr., Marvin June Phillips, Best Deal Liquidators, Robert William Spittel, Steven Michael Hale, and Bernard William Cruse, III, have filed answers to the government's petition.

No member of this Court or the panel requested a poll on the petitions for rehearing en banc; accordingly, the appellants' petitions for rehearing en banc are denied.

The panel has considered the appellants' and the government's petitions for rehearing and hereby denies appellant Ebert's and the government's petitions for rehearing.

The panel denies the petition for rehearing of appellants Eidelman and Kazinec except as to their argument concerning the Court's statement in footnote 14 of the opinion wherein this Court overlooked the adoption of appellant Ebert's venue argument by appellants Eidelman and Kazinec. The Court hereby amends the judgments of May 3, 1999, to vacate the convictions of appellants

Eidelman and Kazinec for money laundering and receipt of stolen property and to remand their cases for resentencing.

Entered at the direction of Judge Michael with the concurrence of Judge Niemeyer, acting as a quorum of the panel. Judge Murnaghan disqualified himself from further consideration of this case and did not participate in the decision regarding the petitions for rehearing and rehearing en banc.

For the Court

/s/ Patricia S. Connor
Clerk